# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1637

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Billy J. Ford, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 21, 2008
Filed: February 4, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Billy J. Ford appeals the 96-month prison sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Ford argues on appeal that his sentence, at the top of his undisputed advisory Guidelines range, is unreasonable because the district court did not expressly address the 18 U.S.C. § 3553(a) factors, because the court overemphasized his criminal history, and because the court's comments at sentencing were not specific to him or his crime.

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

In determining Ford's sentence, the district court was not required expressly to address the section 3553(a) factors. See United States v. Gillispie, 487 F.3d 1158, 1162-63 (8th Cir. 2007) (mechanical recitation of factors is not required). The record demonstrates that the court had before it ample information relevant to the section 3553(a) factors, including Ford's extensive criminal history and record of misconduct in prison. See Rita v. United States, 127 S. Ct. 2456, 2468-69 (2007) (inferring district court's reasoning from context and examination of whole record). Nothing in the record suggests that the district court overemphasized Ford's criminal history or otherwise misapplied the section 3553(a) factors, and the court's comments at sentencing were in direct response to Ford's statements in allocution and were not improper. We therefore conclude that Ford's within-Guidelines-range sentence is not unreasonable. See United States v. Denton, 434 F.3d 1104, 1113 (8th Cir. 2006) (sentence within Guidelines range is presumptively reasonable); see also Rita, 127 S. Ct. at 2462 (approving appellate presumption of reasonableness).

Accordingly, the judgment is affirmed.

_____